NATIONAL CITY BANK OF NEW YORK, Plaintiff and Appellee, *v.* MIGUEL A. MELÉNDEZ, Defendant and Appellant.

No. 4513. Argued February 27, 1929.—Decided April 2, 1929.

*Arturo Aponte* for the appellant. *Charles Hartzell* and *Rafael O. Fernández* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

On July 19, 1923, The National City Bank of New York, a banking corporation with its head office in the city of New York and a branch in San Juan, Porto Rico, brought an action of debt against Miguel A. Meléndez in the District Court of San Juan. The defendant was summoned on August 2, 1923, in Daguao ward of Naguabo. On August 29, 1924, on motion of the plaintiff, the default of the defendant was noted by the clerk of the District Court of San Juan, and on the same date judgment was rendered and entered against the defendant for the amount sued for, with interest and costs.

The record contains a copy of a letter dated August 17, 1923, and addressed to the attorneys for the plaintiff in which it is said that copies of a demurrer, of a motion for change of venue and of a petition in the case are inclosed and advising that the originals were sent on the same day to the clerk of the District Court of San Juan with the internal-revenue stamp. No signature appears. There is attached also a copy of a receipt given by the postmaster of Humacao on August 17, 1923, with relation to a registered letter of Arturo Aponte addressed to Chas. Hartzell and Rafael O. Fernández, San Juan, P. R., and then a copy of a letter written to the clerk of the District Court of San Juan on August 17, 1923, in which it is said that a demurrer, a motion for a change of venue, a petition and an affidavit in civil

case No. 2233, National City Bank of New York *v.* Miguel A. Meléndez, are enclosed.

The record contains also the following:

1. Motion for a change of venue,
2. Demurrer,
3. Affidavit of merits,
4. Petition for change of venue.

The first two are dated August 17, 1923, and the last two are dated August 8, 1923. Then follows under date of November 17, 1924, a motion in the name of the defendant for opening the default and for leave to include in the record the demurrer and the motion for change of venue. The motion is accompanied by an affidavit of the defendant and an affidavit of his attorney.

On December 8, 1924, the defendant, by his attorney, requested the clerk of the district court in writing to set in a special calendar a hearing on the motion to open the default and the motion for change of venue. The opening of the default was opposed in writing by the plaintiff. In December, 1924, the court sustained the motion to open the default and allowed the demurrer.

On January 18, 1928, the court ruled on the motion for change of venue that inasmuch as the defendant, after appearing, had taken other steps besides the motion for change of venue, he had submitted to the jurisdiction of the District Court of San Juan, and denied the change of venue. This is the ruling appealed from.

The appellant assigns error as follows:

"The lower court erred in holding that the opening of a judgment by the default is a bar to a change of venue because the defendant is submitted."

It is a fact beyond discussion that this defendant-appellant requested the clerk of the court to include in a special calendar the motion for opening the default and the motion for change of venue. It is also beyond dispute that the

court sustained the motion to open the default, set aside the judgment and allowed the demurrer, and the defendant accepted the ruling without any objection. The situation created by that ruling was this: The defendant was freed from the effects of the default, the judgment rendered disappeared in law and the defendant stood before the court and within the litigation on a demurrer to the complaint, that is, depending on a question of law raised by himself.

In that position the defendant is submitted to the District Court of San Juan before which he has raised his question of law for consideration and determination.

Section 77 of the Code of Civil Procedure is clear and its application in this case is correct.

The order appealed from must be affirmed.